# First Wayne Federal Savings & Loan Association v. Peters et al.

*A. Clarence Emery*, for plaintiff.

*Therman P. Britt*, for individual defendants.

*Ralph F. Wismer*, for county treasurer, defendant.

*Maxwell Strawbridge*, for county commissioners, school district and township, defendants.

KNIGHT, P. J., April 26, 1945.—This is a bill in equity brought by plaintiff for the purpose of having certain tax liens stricken from the records as invalid; having certain treasurer's sales held to enforce said liens set aside as null and void; having certain treasurer's deeds and a subsequent conveyance canceled and declared null and void; and having the court declare that plaintiff holds an indefeasible title to the real estate involved.

The individual defendants, Lillie C. Venning, Eugene Lyday and Catherine L. Lyday, his wife, filed answers with new matter denying plaintiff's claim of title and setting up the validity of the tax liens and sales and their own title. Neither the county commissioners, county treasurer, school district or township filed answers and took no part in the proceedings.

A final hearing was held in January, but the chancellor deferred making his findings of fact and conclusions of law, as counsel for the interested parties stated they wished to file briefs and requests for findings. Requests for findings and conclusions have been filed on behalf of plaintiff and counsel for the individual defendants now inform us they do not desire to file a brief or requests.

From the pleadings, testimony and exhibits there are made the following

*Findings of fact*

1. On August 25, 1932, John F. Dowling with the joinder of his wife conveyed to The Wayne Building & Loan Association a certain parcel of improved real estate fully described in paragraph 2 of the bill, being located at the corner of Lafayette and Warner Roads, Upper Merion Township, and designated as lot no. 28, Colonial Village. The lot contained 1.865 acres and at one time contained a building that was used as a development office and also as a dwelling.

2. On September 14, 1938, The Wayne Building & Loan Association and the Radnor Building & Loan As-

sociation were converted into Federal savings and loan associations, and on September 27, 1938, these two associations, by agreement, merged into the First Wayne Federal Savings & Loan Association, plaintiff herein.

3. For the year 1932, the property in question was assessed in the name of J. Howard Mecke, and was described as "office, Warner & Lafayette." Taxes due under this assessment were paid on October 1, 1932, by The Wayne Building & Loan Association, that association having received a duplicate bill, wherein the property was described as "H. & L.—Warner Rd."

4. For the year 1933, the property in question was assessed in the name of Wayne Building & Loan Association, and was described as "Lafayette & Warner Rd." That association received bills for 1933 taxes, describing the property in the same manner, and the taxes due were paid on September 30, 1933.

5. For the year 1932, the said property was likewise assessed in the name of John F. Dowling, and described as "Colonial Village Lot 28." Taxes under this assessment having been unpaid, liens therefor were filed in due course in the name of Dowling, and under the above description.

6. For the year 1933, the said property was also assessed in the name of Dowling, with the same description. Taxes under this assessment having been unpaid, liens therefor were filed in due course, in the same name and description.

7. On May 1, 1940, the county treasurer of Montgomery County listed the property, as described in finding of fact no. 5, for sale for delinquent 1932 taxes, and the property was sold to the county.

8. On November 12, 1940, the county treasurer of Montgomery County similarly listed the property for sale for delinquent 1933 taxes, and the property was sold to Eugene Lyday, defendant herein.

9. On February 25, 1942, the treasurer of Montgomery County executed in favor of Eugene Lyday a treasurer's tax deed poll for the said premises. Said deed was acknowledged on September 24, 1942, and recorded in deed book no. 1511, page 293.

10. On December 31, 1943, the treasurer of Montgomery County executed in favor of Eugene Lyday a deed of confirmation for said premises. Said deed is recorded in deed book no. 1581, page 98.

11. On February 28, 1944, Eugene Lyday and Catherine L. Lyday, his wife, executed and delivered to Lillie C. Venning a deed conveying said property, fully describing it. Said deed is recorded in deed book no. 1582, page 449.

12. At the times relevant in this case, the property, which is the subject of this suit, was the only property of the Wayne Building & Loan Association located at Warner and Lafayette Roads.

The questions of fact and law involved are treated in the form of the following

### Discussion

The situation presented in this case seems undoubtedly to have arisen shortly after the transfer of the property by Dowling to the building association in 1932. Thereafter, assessment of the property was made in the name of the association as was proper, but a new description designation was used, and the designation "Lot 28" was omitted. Unfortunately, the assessment of "Lot 28 Colonial Village" in Dowling's name was not immediately discontinued, with the result that for the period important here there were two assessments of the same property.

Undoubtedly if the assessment to the association under the description "Warner and Lafayette Rds." was valid, and the taxes thereunder were paid, plaintiff must prevail and the prayer of its bill granted, for it is fundamental that if full payment of taxes is made there

can be no liens the basis for a sale which would be valid: Clapp v. Township of Pinegrove, 138 Pa. 35 (1890).

The simple question is, therefore, whether the designation of the property as "Warner and Lafayette Rds." is adequate for assessment purposes.

The answer to this question is one of identification, as the assessment must contain the means of identification of the ownership in order that the owner may pay his tax or redeem if he fails to pay in time: Philadelphia v. Miller, 49 Pa. 440 (1865). It is true that if the designation "Lot 28 Colonial Village" had been continued or even added to that of "Warner & Lafayette Rds.", there would have been a more accurate or complete description but we believe that the description of the location was sufficient to identify the property, especially when used with the correct name of the owner.

We feel that any reasonable person, being the owner of this particular property, who received a bill so describing his property would be warranted in assuming that it was his land so assessed, and that his obligation was discharged when he paid the amount of his bill. This is purely a question of fact, and plaintiff (as well as its predecessor in title) was justified in relying on the bill as received and not required to search the assessment records to determine whether there was any other assessment of the same property.

There seems no doubt that the association in paying as it did believed in good faith that the tax was assessed against its own land, especially as this was the only property owned by the association at that intersection. Therefore, even though the property was not accurately or completely described in the assessment, the payment should discharge from the tax the land in exoneration of which it is intended: See Stephens v. Wells, 6 Watts 325 (1837); Albright v. Byers-Allen Lumber Co., 204 Pa. 71 (1902).

No Pennsylvania case exactly in point has been found. A considerable number of cases arriving at the

same conclusion may be found cited in 23 A. L. R. 79.

It therefore follows, having decided that the assessment under which plaintiff claims was valid, the one under which the individual defendants claim was a duplicate and void, and the liens and sales based thereon were nullities.

It should be noted that Lillie C. Venning on May 26, 1944, filed in the court of common pleas as of no. 203, April term, 1944, her petition to have her title to this property adjudicated, and declared indefeasible.

It has been agreed at bar that petition may be disposed of by the record in this case, as exactly the same questions are involved. A separate order will be entered formally dismissing that petition.

## Conclusions of law

1. That the liens entered for the years 1932, 1933, and 1934, against premises described at the northwest corner of Warner and Lafayette Roads, were erroneously entered against any owner or reputed owner, as all taxes for those years had been paid.

2. That the sales by the county treasurer for the nonpayment of taxes for the years 1932, 1933, and 1934 were invalid, as no taxes were due and payable on said premises.

3. That the sale of the said premises by the county treasurer on May 1, 1940, was invalid and of no effect, and is null and void.

4. That the sale of said premises by the county treasurer on May 12 or 15, 1940, to Eugene Lyday was invalid and of no effect and is null and void.

5. That the deed poll, purporting to convey title to the said premise made by Mary H. Beerer, treasurer, dated February 25, 1942, and recorded in the recorder's office of Montgomery County in deed book no. 1511, page 393, etc., and the deed of confirmation from Mary H. Beerer, county treasurer, dated December 31, 1943, and recorded in the recorder's office of Montgomery County in deed book no. 1581, page 98, etc., to Eugene

Lyday, shall be declared void and convey no title to said premises.

6. That the deed of Eugene Lyday and Catherine L., his wife, dated February 28, 1944, and recorded in the recorder's office in deed book no. 1852, page 449, etc., to Lillie C. Venning, conveys no title to said premises.

7. The costs should be paid by defendants.

### Decree nisi

And now, April 26, 1945, it is ordered, adjudged, and decreed that the prothonotary mark these findings of fact and conclusions of law filed, to become a part of the record of the case, and enter the following decree nisi:

That the liens entered for the years 1932, 1933, and 1934, against premises described at the northwest corner of Warner and Lafayette Roads, were erroneously entered against any owner or reputed owner, as all taxes for those years had been paid.

That the sales by the county treasurer for the nonpayment of taxes for the years 1932, 1933, and 1934 were invalid, as no taxes were due and payable on said premises.

That the sale of the said premises by the county treasurer on May 1, 1940, was invalid and of no effect, and is null and void.

That the sale of said premises by the county treasurer on May 12 or 15, 1940, to Eugene Lyday was invalid and of no effect, and is null and void.

That the deed poll, purporting to convey title to the said premises made by Mary H. Beerer, treasurer, dated February 25, 1942, and recorded in the recorder's office of Montgomery County, in deed book no. 1511, page 393, etc., and the deed of confirmation from Mary H. Beerer, county treasurer, dated December 31, 1943, and recorded in the recorder's office of Montgomery County in deed book no. 1581, page 98, etc., to Eugene Lyday is declared void and conveys no title to said premises.

The costs to be paid by defendants.

Notice to be given by the prothonotary, as required by the rules of equity practice, that unless exceptions shall be filed within 10 days from this date, the decree nisi will become the final decree as of course.

NOTE.—Exceptions to the decree nisi not having been filed, the decree duly became final.